THE COUNTY OF WARREN, for the use of the People, Plaintiff in Error, *v.* ROBERT JEFFREY *et al.*, Defendants in Error.

#### ERROR TO WARREN.

Where a declaration upon the official bond of a justice of the peace recites that he was twice elected, but alleges a breach for non-payment of money collected during his first term of office, it will be sufficient to maintain the action upon the bond first given; it will not be presumed that the justice held the money by virtue of his second office.

It is not the duty of a justice of the peace to pass over money that he has collected to his successor; that duty is to transfer dockets, books, papers and unfinished business.

When a justice of the peace has absconded, no demand for money collected by him need be made, in order to maintain a suit upon his official bond.

THIS cause was heard before THOMPSON, Judge, at March term, 1857, of the Warren Circuit Court. The opinion of the court furnishes a statement of the case.

GOUDY and JUDD, for Plaintiff in Error.

MANNING and MERRIMAN, for Defendants in Error.

SKINNER, J. This was an action of debt. The declaration sets forth that Robert Jeffrey, having been elected a justice of the peace for the precinct of Monmouth, in the county of Warren, within twenty days thereafter, on the 15th day of February, 1853, as principal, and the other defendants, as his securities, executed a bond (which is set out *hæc verba*) to the plaintiff in the sum of one thousand dollars, with the condition that "if the said Robert Jeffrey shall faithfully discharge the duties of his office of justice of the peace aforesaid, and shall justly and fairly account for and pay over all moneys that may come to his hands under any process or otherwise, by virtue of his office, then this obligation to be null and void," which was on the same day approved and filed by the county clerk.

The declaration avers that, on the same day, the justice was qualified and was commissioned, and from thence until the term of office expired, to wit, on the 8th day of November, 1853, acted as such justice of the peace. The averment is then made that, on the 8th of November, 1853, the defendant, Jeffrey, was reëlected, gave another bond, and was commissioned and qualified for another term of office, and entered on the discharge of his duties, which he exercised till the month of April following, when he absconded to some place unknown.

The declaration then assigns breaches: that Jeffrey did not faithfully discharge his duties, and did not justly and fairly account for and pay over all moneys that came to his hands

County of Warren *v.* Robert Jeffrey et al.

under any process or otherwise, by virtue of his said office, during the term of office for which he was *first* elected, and for particular breaches. The declaration proceeds to aver that, during the *first* term of office, on the 23d of September, 1853, the defendant, Jeffrey, as such justice of the peace, received certain promissory notes of C. W. Troy & Co. (for whose use the suit was brought), for the purpose of suing and collecting the same, and gave a written receipt therefor, which is signed "Robert Jeffrey, J. P.," and is set out *hæc verba ;* and that after the receipt of the notes, and *before* the expiration of the *first* term of office, Jeffrey, in his official character, collected and received the sum of three hundred dollars in payment of a part of said notes.

The averment is then made that Jeffrey neglected and refused to pay over any of the money collected, or to return the notes, but, on the contrary, carried the money and uncollected notes away with him when he absconded, and that the defendants have failed and refused to pay the amount of said money and notes, or any part thereof, or to pay the penalty of the bond.

To this declaration the court sustained a general demurrer, which decision is assigned for error. We think the declaration shows a good cause of action.

The money is alleged to have been collected during the term of office for which the bond sued on was given, and the receipt of the money fixed the official obligation properly to apply it. *Freeholders of Warren* v. *Wilson,* 1 Har. (N. J.) R. 110; *The Governor* v. *Lee,* 4 Dev. & Battle R. 457. It was not the officer's duty to pass over the money, on going out of office, to his successor. His duty in this respect extended to dockets, books, papers and unfinished business officially in his possession. Statutes 1856, Chap. 59. He cannot, therefore, be presumed to have held the money when he absconded by virtue of his second office. The officer, having absconded, no demand for the money could have been made, and the law will not require an impracticable or even useless act. Judgment reversed and cause remanded.

*Judgment reversed.*